**CLARK, Trustee, Etc v BRADLEY et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13505. Decided April 23, 1934

Vickery, Duffy & Vickery, Cleveland, for plaintiff in error.

Marvin J. Laronge, Cleveland, and Fackler & Dye, Cleveland, for defendant in error.

HAMILTON and ROSS, JJ, (1st Dist) and WILLIAMS, J, (6th Dist) sitting.

Company made an assignment for the benefit of creditors to Joseph E. Wurstner, who held said property in that capacity until December 18, 1930, when he delivered to plaintiff as trustee in bankruptcy of the company the leasehold and buildings. During the incumbency of the assignee, he paid to the County Treasurer $11,857.86 for the last half of the taxes and assessments for the year 1929. These taxes became a lien on the property in 1929 but under §2653 GC the last half could be paid on or before June 20, 1930. The action below was brought by the Trustee in Bankruptcy for recovery of the amount of taxes so paid.

The plaintiff in error in his brief states his contention thus:

"The last half of the 1929 tax had become a lien by statute prior to January 1, 1930; its amount was fixed and determined before that date, and, accordingly, it must be held to have accrued prior to that date."

Whatever meaning may be given to the word "accrue" when standing alone, in construing the provision of the contract we cannot disassociate the word from its context. When the language is taken in its entirety it is evident that the defendants were not obligated by contract as to taxes for the last half of 1929, as these were not required by law to be paid until June 20, 1930. The contract did not bind defendants for taxes "fixed and determined" on or before January 1, 1930 but only for such as were required to be paid on or before that date.

Two other questions were raised but in view of the conclusion reached it is not necessary to pass upon them.

For the reasons given the judgment will be affirmed.

Judgment affirmed.

HAMILTON, PJ, and ROSS, J, concur in judgment.

## OPINION

**By WILLIAMS, J.**

The whole case, in our judgment, turns on the construction of this provision. On February 24, 1930, The Euclid Twenty-First